## McCahan et ux. v. Betts et ux.

*Alfred D. Bruce*, for plaintiffs.

*C. Wm. Kraft, Jr.*, for defendants.

SWENEY, J., July 29, 1952.—Plaintiffs' bill alleged that they were the owners, respectively, of premises 909, 913, 905 and 915 East Darby Road, Llanerch, Haverford Township, and that defendants are the owners and occupiers of premises 911 East Darby Road, Llanerch; that plaintiffs and defendants hold their respective properties under and subject to a certain covenant and restriction; that defendants are about to make alterations to their premises for the purpose of carrying on and conducting the business of a beauty shop in the basement; that this use would be in violation of the covenant and restriction; and prayed for an injunction preliminary to hearing and perpetual thereafter restraining defendants from altering, changing or erecting additions to the building and from maintaining any trade or busi-

ness for the purpose of a beauty shop or any like business on the premises. Defendants filed an answer admitting that they intended to operate a beauty shop but denying that the operation thereof was prohibited by the building restriction and also pleaded that plaintiffs were barred by laches and by unclean hands. On February 8, 1952, a preliminary injunction was allowed without hearing and on February 15, 1952, after hearing, it was continued. Testimony was taken before Sweney, J., on March 27, 1952. Requests for findings of fact and conclusions of law and briefs in support thereof have been filed.

This was a bill in equity to enjoin the alteration of a building for the purpose of carrying on and conducting a beauty parlor in the basement thereof on the theory that such use was prohibited by a building restriction in the chain of title of both plaintiffs and defendants. The restriction is as follows:

"And it is further covenanted and agreed by and between the said grantors and the said grantee, that the said grantee for himself, his heirs, and administrators does hereby covenant, promise and agree to and with the said grantors, their heirs, executors and administrators that he, the said grantee, his heirs and administrators, owners, tenants and occupiers of the above described lot or piece of ground shall or will not at any time hereafter erect, build or construct or cause to be erected, built or constructed upon the hereby granted lot or piece of ground or any part or parts thereof any gasoline and/or oil station or stations, public and/or private garage (individual garages for private dwellings excepted), stores or buildings of any kind for the carrying on of any trade or business whether wholesale or retail, or change, alter, rebuild or renovate any building or buildings now erected on said lot or piece of ground or any part thereof to be used for a gasoline, and/or oil station or stations, pub-

lic and/or private garage or the carrying on of any trade or business, whether wholesale or retail."

Defendants raise several interesting questions, arguing that because the words "and assigns" do not appear in the restriction it does not run with the land; that under the peculiar language of the restriction it does not apply to this property, which was not erected at the time the restriction was created; that plaintiffs are guilty of laches; that one of the plaintiffs is guilty of unclean hands because he is operating a business in his property, and that the restriction does not apply to the operation of a beauty shop. We feel that the last contention is sound and therefore it becomes unnecessary to discuss the other questions raised by defendants.

It will be noticed that the language of the restriction prohibits the use of the premises for the "carrying on of any trade or business whether wholesale or retail". There have been many cases requiring the court to define the narrow line between "trade and business" and "profession". See 5 Words and Phrases, 1010; 34 Words and Phrases, 203; 42 Words and Phrases. 279.

In Howarth et ux. v. Gilman et al., 365 Pa. 50, 57, Mr. Chief Justice Drew cited with approval the definition of "profession" found in U. S. v. Laws, 163 U. S. 258, which definition was as follows:

" 'A vocation in which a professed knowledge of some department of science or learning is used by its practical application to the affairs of others, either in advising, guiding, or teaching them, or in serving their interests or welfare in the practice of an art founded on it. Formerly, theology, law, and medicine were specifically known as *the professions;* but as the applications of science and learning are extended to other departments of affairs, other vocations also receive the name. The word implies professed attainments in special knowledge as distinguished from mere skill.

A practical dealing with affairs as distinguished from mere study or investigation; and an application of such knowledge to uses for others as a vocation, as distinguished from its pursuit for its own purposes'."

It was, therefore, held in that case that engineering was recognized as a profession.

In Kovach et al. v. Zoning Board of Adjustment of the Borough of Upland, 37 Del. Co. 6, this court held that a beautician is engaged in a profession or art rather than the conduct of an ordinary business. In that case it was pointed out, under the requirements of the Act of May 3, 1933, P. L. 242, sec. 1 et seq., 63 PS §507, that:

"A hairdresser or beautician is obliged to obtain a license from the Bureau of Professional Licensing in the Department of Public Instruction of the Commonwealth of Pennsylvania before he or she may engage in such work. In order to obtain a license to practice as a beautician a person must spend at least one thousand hours in a period of not less than six months in a day school or one thousand hours in not less than twelve months in a night school in order to be an operator, and in order to be a manager such person must spend five hundred additional hours and then pass an examination. A beauty shop must at all times be in charge of and under the immediate supervision of a licensed member of the profession. See page 10 of the rules issued by the department. A reading of the entire act of assembly above referred to indicates that the Commonwealth considers one engaged in this type of work as a practitioner of a profession or art rather than the conduct of an ordinary business."

This is the law of this county and we have no desire to depart from it. It follows, therefore, that the operation of a beauty shop is not prohibited by the language of the deed restriction and that plaintiffs' bill must be dismissed.